

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 10, 2023

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *United States v. Bradley Pierre, et al.,*
                  22 Cr. 19 (PGG)

Dear Judge Gardephe:

      The Government writes in response to the motion filed by defendant Arthur Bogoraz accusing the Government of various forms of misconduct and seeking "disclos[ure] regarding the Government's explanations for delays in this case." Dkt. 241 (the "Motion"). The Motion is baseless.

      *First*, the Government did not discuss the *Neumann* conflict during the August 28, 2023 conference because the Government ordinarily does not seek adjournments based on conflicts. In an attempt to accommodate the Court's schedule, the Government conferred with defense counsel on the *Neumann* matter to see whether they would consent to adjournment of the *Neumann* trial date. The *Neumann* counsel agreed, but Judge Roman denied the adjournment request. The trial team then consulted internally with supervisors about the effect on the *Neumann* conflict. Given that the *Neumann* matter involves the same trial team, the Office decided to request a brief adjournment in this matter.

      *Second*, while the Government was conferring with the *Neumann* counsel, Bogoraz' counsel reached out the Government and asked the Government to consent to severing Bogoraz from the January 16, 2024 trial. The Government stated that it would oppose a severance. The Government further stated that if Bogoraz did not want the January 16, 2024 trial date, he should consult with counsel for his codefendants to decide whether they would collectively seek an adjournment. The Government did not "solicit" counsel to do anything, and did not raise the *Neumann* conflict because it was irrelevant to defense counsels' decision.

      The Government further did not "threaten" to seek a second superseding indictment against Bogoraz "when it became apparent that Defendant was not seeking an adjournment." Mot. at 1. This accusation is preposterous. The Government and Bogoraz have engaged in extensive plea negotiations since 2022. The Government has consistently advised since 2022 that when the parties proceed to trial, the Government might add additional charges against Bogoraz. There was and is nothing improper about these conversations.

*Third*, Bogoraz' accuses the Government of misrepresenting the timing of the superseding indictment to the Court. Once again, this claim is baseless. As the Court is aware from the superseding indictment, the tax charges are complex in time and scope. The Government had to conduct substantial additional investigation to support the additional charges which had to be vetted internally, with the IRS, and DOJ Tax. Only then could the Government present the tax charges to a grand jury. Bogoraz' baseless inuendo does not change these facts.

In sum, the defendant's claims are baseless and the Government requests that the Court grant the Government's request for a short adjournment of the trial date. If the Court is unable to accommodate the Government's request, the Office will of course proceed to trial as scheduled.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    /s/
        MATHEW ANDREWS
        MICHAEL LOCKARD
        QAIS GHAFARY
        Assistant United States Attorney
        Tel.   (212) 637-6526