

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 9, 2024

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:  *United States v. William Weiner,*
        22 Cr. 19 (PGG)

Dear Judge Gardephe:

  The Government writes in reply to defendant William Weiner's opposition to the Government's motion quash the trial subpoena for Liberty Mutual employee James Beadle. (*See* Dkt. 350 (the "Opposition")).

  Weiner first asserts that the Government lacks standing to quash the trial subpoena. This is incorrect. Weiner himself has argued that Courts have reviewed the merits of Rule 17 subpoenas "irrespective of any determination on standing because of an independent duty of the court to ensure the propriety of Rule 17(c) subpoenas." (*See* Dkt. 337, n.1 (quoting *United States v. Bergstein*, No. 16-CR-746 (PKC), 2017 WL 6887596, at *3 (S.D.N.Y. Dec. 28, 2017)). This is an accurate statement of the law. "[R]egardless of the parties' standing, the Court has an independent duty to review the propriety of the subpoena." *United States v. Vasquez*, 258 F.R.D. 68, 72 (E.D.N.Y. 2009); *see United States v. Cole*, No. 19 CR. 869 (ER), 2021 WL 912425, at *2 n.1 (S.D.N.Y. Mar. 10, 2021) (noting that the Court "could still review the propriety of the subpoena regardless of whether the Government had standing, as other courts in this Circuit have 'consider[ed] the merits of a motion to quash irrespective of any determination on standing because of an independent duty of the court to ensure the propriety of Rule 17(c) subpoenas.'" (quoting *Bergstein*, 2017 WL 6887596, at *2); *United States v. Khan,* 2009 WL 152582, at *6 (E.D.N.Y. Jan. 20, 2009) (citing *United States v. Weissman,* 2002 WL 31875410, at *1 n. 1 (S.D.N.Y. Dec. 26, 2002) (noting that "[r]egardless of the government's standing, the court has a duty to ensure that subpoenas are issued only for proper purposes and that they are in compliance with Rule 17.")). The Government likewise "clearly has an interest in preventing any undue lengthening of the trial," thereby providing standing. *United States v. Giampa*, No. S 92 CR. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992). Moreover, should the Court have any lingering doubts, the Government understands that Liberty Mutual intends to file a motion joining the Government's motion to quash upon the Court's request.

  Furthermore, Weiner's claim that Beadle "is a fact witness who could provide helpful, relevant, and admissible testimony" is pretextual. (Opposition at 1). The purpose of the

testimony—as shown by Weiner's own trial exhibits—is to pursue the *Kastigar* hearing of Beadle that the Court has previously denied. Weiner has produced a draft exhibit list and it contains the *exact* the same exhibits as those used to cross-examine John Di Minno during the parties' prior *Kastigar* hearing. (*See* Ex. A., attaching Trial Exhibits DX 408 and 410). There is no reason to include these same exhibits—in which Beadle is neither a sender nor recipient—unless the purpose of the trial testimony is to ask Beadle the same questions as Di Minno. The Court has already held that this is a "fishing expedition" in the hope that something "'may turn up.'" (*See* Dkt. 287 ("Denial Order) at 13-17). This is not a proper purpose of a Rule 17 trial subpoena.

Weiner's proffered reasons for Beadle's testimony are likewise irrelevant and seek testimony for the purpose of pursuing a *Kastigar* claim. First, Weiner asserts that Beadle "has extensive first-hand knowledge regarding Liberty Mutual Insurance Company's relationship with Nexray, including what it knew about Dr. Weiner and whether, when, and how Liberty reviewed and paid claims submitted by Nexray." (Opposition at 1). Yet this "first-hand knowledge" is irrelevant to the issues at trial. The question of what Liberty Mutual "knew about Dr. Weiner and whether, when, and how" was the subject matter of the *Kastigar* hearing with John Di Minno. None of these are relevant to the elements of the charged healthcare fraud crimes. Likewise, there is no dispute at trial about "how" Liberty Mutual paid claims to Nexray. The sole question is whether Weiner lied to Liberty Mutual in connection with the payment of claims.

Similarly, Weiner asserts that Beadle "has personal knowledge regarding how and why that examination was conducted, the platform by which it was conducted, the location of the participants, the information that Liberty hoped to acquire, whether or to what extent Liberty's counsel had the opportunity to ask clarifying or follow up questions regarding the answers that Dr. Weiner provided (including as to those answers that the Government now contends to have been false), and what Liberty did with the information it acquired from Dr. Weiner's testimony." (Opposition at 2). Yet again, this testimony is irrelevant to the issues at trial. The "how" or "why" that the Examination under Oath was conducted is, again, the subject matter of the *Kastigar* hearing with John Di Minno. It has no bearing on the elements of the charged healthcare fraud offenses. Likewise, the transcript of the Examination under Oath clearly reflects the extent to which Liberty Mutual asked "clarifying or follow up questions" during the examination. Beadle accordingly has nothing to add beyond the plain text of the transcript.

Lastly, Weiner claims that he "should be free to examine Mr. Beadle" about issues of materiality. (Opposition at 2). Yet Weiner does not have a good faith basis to claim that Beadle would dispute (or has the authority to dispute) the materiality of the misrepresentations here. The Government intends to introduce excerpts of the Examination under Oath during which Weiner falsely claimed that Pierre was "funder" for Nexray to conceal Pierre's ownership and control of the practice. The Court recognized in its Denial Order that Liberty Mutual sued Weiner in 2012 for the exact same misrepresentations:

> [O]n November 16, 2012, Liberty Mutual filed a lawsuit against Weiner, Nexray Medical, and others seeking a declaration that it did not have to pay the defendants' claims and seeking the return of payments it had already made. *Id.* In that lawsuit, Liberty Mutual alleged that "Weiner lied at his November 2011

2

examination under oath regarding his relationship with the clinic controllers, and that he entered into 'sham agreements' to conceal the clinic controllers' ownership and control of Nexray." *Id.* (quoting Cmplt. ¶¶ 50-63, Liberty Mutual Ins. Co. v. Nexray Medical Imaging, P.C., Cmplt., 12 Civ. 5666 (E.D.N.Y. Nov. 16, 2012).

(Denial Order at 17). It is sheer, unsupported speculation that Beadle disputes the materiality of Weiner's misrepresentations or that Beadle has the authority to do so given Liberty Mutual's *publicly stated* position in litigation against Weiner in the past. A Rule 17 subpoena—regardless of whether it seeks testimony or documents—"may not be used to conduct a 'fishing expedition.'" *United States v. Bebris*, 4 F.4th 551, 559–60 (7th Cir. 2021) (quoting *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (analyzing Rule 17(c))).

Simply put, Rule 17(a) subpoenas must seek "testimony that is relevant and material to the issue being litigated." *Id.* (citing *Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)). "Where the sought testimony is cumulative or immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena." *Id.* (citing *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973)). As set forth above, Weiner's trial subpoena is a transparent attempt to evade the Court's order denying Weiner's request to call Beadle to testify at a *Kastigar* hearing. Weiner has not set forth a good-faith basis that Beadle has relevant, admissible testimony at trial. As such, the Government respectfully requests that the Court quash Weiner's trial subpoena.

<div style="margin-left:40%">
Respectfully submitted,  
DAMIAN WILLIAMS  
United States Attorney  
</div>

By:           /s/           
      MATHEW ANDREWS  
      MICHAEL LOCKARD  
      QAIS GHAFARY  
      Assistant United States Attorney  
      Tel.    (212) 637-6526

# Exhibit A
# Weiner's Proposed Trial Exhibits DX 408 and DX 410

# Trial Exhibit DX 408
# (Admitted as DX 25 During the Kastigar Hearing of John Di Minno)

**To:** Andrews, Mathew (USANYS)[MAndrews@usa.doj.gov]
**From:** Di Minno, John[JOHN.DIMINNO@LibertyMutual.com]
**Sent:** Wed 6/17/2020 3:14:35 PM (UTC)
**Subject:** Nexray New case

Nexray investigation .pdf

Matt new case investigation just opened. Also want to discuss TopLab when you are free. Maybe I can set-up a call for next week? Let me know when you are free. Thanks

John Di Minno
Sr. Special Investigator
Northeast Major Case Unit
Liberty Mutual Insurance
Global Retail Markets
50 Charles Lindbergh Blvd.
Uniondale, NY 11553

Cell# 516-369-8758

NOTICE: The information contained in this electronic mail transmission is intended by Liberty Mutual for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or by telephone 1-800-486-6189, so that the sender's address records can be corrected.

# Trial Exhibit DX 410
# (Admitted as DX 31 During the Kastigar Hearing of John Di Minno)

**Subject:** [EXTERNAL EMAIL] - Nexray Coming in For EUO Today
**From:** "Di Minno, John" <JOHN.DIMINNO@LibertyMutual.com>
**To:** "Infusino, Joseph (NY) (FBI)" <jinfusino@fbi.gov>
**Sent:** Wed 2/10/2021 2:23:49 PM (UTC)

We have EUO schedule for EUO today at 11am do you have any questions that we should ask the Doctor?