

The Law Office of Julie de Almeida
P.O. Box 1196 Weston, CT 06883
415-305-1211
Julie@jdealmeidalaw.com
http://www.jdealmeidalaw.com

January 11, 2024

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   United States v. Pierre, et al., 22 Cr. 00019 (PGG)

Dear Judge Gardephe,

**MEMO ENDORSED**

*Handwritten endorsement:* The Coordinating discovery attorney is directed to state more clearly why it is that Mr. Rubin did not receive the discovery materials related to United States v. Rose. The Court understands Ms. Almeida to be saying that Mr. Rubin did not receive the Rose materials because he did not request them. In any event, Ms. Almeida is directed to explain with clarity why Mr. Rubin did not receive the Rose discovery in 2022, and she will do so by close of business today.

*SO ORDERED.*
Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
January 11, 2024

I write in response to the letter filed by counsel Mr. Rubin on January 10, 2024, Dkt. 359, to correct the timeline and supplement the information provided to the Court. This letter references dates, times, and content of emails communications between my office and counsel. Please note that from January 27, 2022, through February 18, 2022 I sent eight emails to all defense counsel regarding the discovery in the related *U.S. v. Rose* 19-cr-789 matter. The emails from February 18, 2022, through March 31, 2022 address the global discovery materials in the instant matter which the Government began to produce on February 4, 2022. If the Court would like copies of these emails to corroborate the contents, I am happy to provide them upon request.

1/19/2022 – The Government emailed me to discuss two newly indicted cases that are factually related to the *U.S. v. Rose* 19-cr-789 matter (hereinafter *Rose*) and to discuss my appointment in these matters. I had served as the Coordinating Discovery Attorney, through my contract with the Office of Defender Services to serve and support CJA appointed counsel on the *Rose* matter.

1/20/2022 –The Court signed an Order appointing me to serve as the Coordinating Discovery Attorney in the *U.S.v. Gulkarov* 22-cr-20 and *U.S. v. Pierre* 22 -cr-19 matters. (hereinafter *Pierre/Gulkarov*)

1/24/2022 – My office sent a 4tb drive to the Government in anticipation of the discovery in the

*Pierre/Gulkarov* matters, which was in the process of being prepared, and inquired if the *Rose* discovery should be made available to counsel. The Government responded that the *Rose* discovery should be made available.

**1/27/2022** – My office checked the docket on the *Pierre/Gulk*arov matters and learned that eleven out of thirteen attorneys on these related cases were retained and not appointed under the Criminal Justice Act. As a result, these related cases were ineligible to be supported through the Coordinating Discovery Attorney Program and I emailed the Government to let them know that other arrangements would need to be made for retained counsel to receive the discovery. At that time, my office offered to burn copies of the previously prepared discovery materials from the *Rose* matter for any retained counsel that sent us payment for the hard drives and postage. As an alternative, my office contacted several vendors and received quotes for the duplication of these materials for counsel, which counsel could contact and pay for, if needed. Ultimately, most defense counsel sent payment for my office to prepare the copies on their behalf and paid for the cost of the hardware and postage.

**1/27/2022**- I emailed all defense counsel to inform them that I would be unable to serve as the Coordinating Discovery Attorney on this matter through Defender Services and that we would work with the Government and a vendor to make the *Rose* materials available upon request and payment.

**1/27/2022** and **1/28/2022** – I emailed all defense counsel and explained. "…my office has already worked on and prepared the materials from the related *U.S. v. Rose* 19-cr-789 case. The following teams have sent drives to my office which we are burning with those prepared materials. If the remaining retained counsel want copies of this prepared material please send a 1 TB[1] drive right away to : ▮▮▮▮▮▮ Bronx, NY ▮▮▮ We will also need reimbursement from all retained counsel for the postage to send the prepared materials to you via FedEx." A list of who had sent drives was included and my email stated " **No drives received from any other defense teams as of 1/27/22** Please send ASAP if you want copies of the Rose materials - drives and postage should arrive by 1/31/22 so that we can burn a second batch **"

**1/31/2022**- I filed an Ex Parte letter with the Court and emailed it to all defense counsel, explaining that since most of the defendants in the *Pierre/Gulkarov* matters were represented by retained counsel that these matters did not meet the criteria for the appointment of a "CDA" through the Office of Defender Services and requested that my appointment be withdrawn. In that letter, I informed the Court that I had emailed all retained counsel on January 28, 2022, and informed them that if they would like copies of the prepared *Rose* materials that they would need to send hard drives and supply postage to my office. I also informed the Court at that time

---

[1] At this time, the 4TB of forensic data that Mr. Rubin references had not yet been produced.

that eight retained counsel had already made arrangements to receive this discovery and that on January 31, 2022 my office had sent ten prepared hard drives to the eight retained counsel and the two CJA counsel per their requests. No other teams had requested the materials at that time.

**1/31/2022**- The Court withdrew my appointment, Dkt. 721.

**2/1/2022** – The Court, Government, defense counsel attended a Status Conference which I participated in, and the appointment issue was addressed. After the conference, defense counsel contacted me directly about retaining my office to assist with the forthcoming discovery in the *Pierre* and *Gulkarov* matters as the Government had confirmed that the global discovery to be produced in both matters was the same.

**2/2/2022** – I emailed a retainer agreement outlining the anticipated volume and complexity of the *Pierre/Gulkarov* materials and a proposed plan to organize, manage, access and more efficiently review the contents.

**2/4/2022** – My office emailed all defense counsel with the passwords to access the *Rose* materials sent to all counsel who had requested copies.

**2/15/2022** – My office emailed all defense counsel with dates and times for discovery training on the Rose discovery materials and invited all defense team members to participate. If counsel was unable to attend the date/time scheduled, we asked counsel to reach out to arrange another date and time.

**2/17/2022** – I hosted a one-hour online Zoom training on the *Rose* discovery. After the training I sent a follow-up email about the training along with two attachments created by my office outlining the totality of the *Rose* discovery and the newly received forensic images in the *Rose* case. I asked counsel to send a 4TB drive and return postage or a Zelle/Venmo for the cost of the hardware and postage if they wanted a copy of the *Rose* forensics. This email also included an update on the *Pierre/Gulkarov* discovery and the Government's February 4, 2022 *Pierre/Gulkarov* discovery letter was attached.

**2/18/2022** – My office emailed all defense counsel an outline from the training and informed them that the Government had just produced 4tb of forensically imaged devices in the *Rose* matter. A list of the seized devices was provided in the emails and my email stated that, "If you want a copy of that you will need to send me a 4TB drive or Zelle/Venmo for the hardware and postage.". My email went on to explain that the discovery in the *Pierre/Gulkarov* matters had just been received by my office and that counsel would need to sign the attached retainer agreement and make payment if they wished to receive a copy of the prepared global

discovery materials from my team. The email also stated, "If you chose not to engage our services, some alternate arrangement will need to be made for you to get a copy of the discovery - e.g. the use of a duplication service.".

**3/8/2022** – I emailed Mr. Rubin and asked him if he intended to sign the agreement in the *Pierre/Gulkarov* matter or if he had chosen to opt out. I made myself available to discuss the matter and sent my cellphone contact.

**3/9/2022** – Mr. Rubin send the signed retainer agreement to my office via email. This retainer agreement was for "the supplemental discovery production directly related to these matters".

**3/11/2022** – I emailed all defense counsel with an update on the Global discovery in the Pierre/Gulkarov matters. The cost and retainer were included with this email for anyone who had not already signed and paid.

**3/16/2022** – I emailed defense counsel with an update on the timing of the distribution of the discovery for all that had signed onto the retainer. I sent a reminder, "If you have not already done so, please provide payment so that your drive may be sent out as soon as possible. If you have sent payment the drive will be sent as soon as possible, depending on duplication completion time - later today or first thing tomorrow". An assessment of the totality of the discovery was included in this email (as quoted in Mr. Rubin's letter). I also indicated that I was working with the Government for replacement files on any missing, problematic, or corrupted files and that another update would be sent when the issues were resolved.

**3/16/2022**- Mr. Rubin paid the retainer fee for the preparation of the discovery in the *Pierre/Gulkarov* matters.

**3/17/2022** – My office sent, via 2-day FedEx, the prepared global discovery for the *Pierre/Gulakrov* matters to Mr. Rubin. The package was received on March 21, 2022. The package included two hard drives, that Mr. Rubin paid for, as well as a letter with the case caption U.S. v. *Pierre/Gulkarov* 21 Cr 19, 21 Cr 20 (PGG), a screenshot of the contents of the *Pierre/Gulkarov* hard drive contents (with folder dates ranging from 2/4/2022 through 3/10/2022) as well as the discovery letters related to the contents on the hard drive only referencing the *Pierre/Gulakrov* case materials, not the *Rose* discovery (Exhibit A to Mr. Rubin's letter).

**3/24/2022** – I emailed all defense counsel with a discovery update on the *Pierre/Gulkarov* discovery and scheduled two dates and times for online Zoom discovery training on this data.

**3/29/2022** and **3/30/2022**- One-hour online Zoom training on the *Pierre/Gulkarov* discovery materials were hosted. Mr. Rubin and his client attended.

**3/31/2022** – My office emailed all defense counsel with replacement files for corrupted audio recordings.

**1/8/2024** – Mr. Rubin emailed me and asked if I had availability to discuss an issue.

**1/9/2024** – I called Mr. Rubin and spent an hour and a half going through the discovery and communications in this case. During this call I offered to burn him copies of the *Rose* materials and FedEx copies to him and asked him to send the cost of the hardware and postage. My office began these copies that same day.

**1/11/2024** - The copies for Mr. Rubin are prepared and tendered to FedEx for overnight delivery. Payment has not yet been made for the cost of the hardware or the postage and an invoice will be sent today.

Throughout the entirety of this case, I have made myself available to all defense counsel and their defense team members and have worked closely with the Government to resolve any outstanding discovery issues quickly and thoroughly. I am available to discuss this issue directly with the Court, if needed.

*Julie de Almeida*

Julie de Almeida
NYSB #447645
Coordinating Discovery Attorney
Law Office of Julie de Almeida
P.O. Box 1196
Weston, CT 06883
Telephone: (415) 305-1211