**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 31, 2026

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Street
New York, New York 10007

> Re:    *United States v. Albert Haft*,
>         **S1 22 Cr. 19 (PGG)**

Dear Judge Gardephe:

The Government respectfully submits this letter pursuant to the Court's June 16, 2026, order and in connection with sentencing scheduled for August 7, 2026.

On July 17, 2026, the Court issued a sealed memorandum opinion and order setting forth the Court's calculation of the sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") and findings on restitution. The Court found that the applicable Guidelines sentencing range is 37 to 46 months' imprisonment and the applicable restitution amount is $1,859,684. On July 22, 2026, defense counsel requested an adjournment of Haft's sentencing based on "additional facts and considerations" brought to counsel's attention based on the Court's order. On July 28, 2026, counsel filed a supplemental sentencing letter (the "July 28 Letter") contesting the Court's restitution finding, but that contains no new facts or considerations.

Though not styled as such, the July 28 Letter asks the Court to reconsider its restitution finding, which the Court made after full briefing by both parties. Reconsideration is unwarranted.

> The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

*United States v. Truzman*, 15 Cr. 536 (PGG), 2021 WL 3167708, at *2 (S.D.N.Y. July 27, 2021) (cleaned up, citations omitted).

The July 28 Letter argues that (1) Haft admitted to understating co-conspirator Bradley Pierre's taxable income but not to failing to declare income (July 28 Ltr. at 1-2); (2) Haft charged his usual fees to his co-conspirators and did not otherwise benefit from his co-conspirators' fraudulent businesses (*id*. at 2); and (3) Haft provides financial support for his child. (*Id*.) All of these arguments have been presented previously to the Court (Dkt. 560 at 3 ("For all of his work for each of the defendants Mr. Haft received only his usual compensation . . . His fees were those that would be charged to any other client. He did not benefit from the conspiracy at all.") & 8 (the PSR Guidelines calculation "includes the misconduct of Bradley Pierre and the improper deductions and undeclared income of all the defendants of which Mr. Haft had no reason to know."); Dkt. 568 at 2 ("Pierre's failure to disclose the income to Haft and the IRS was not within the scope of any criminal activity 'jointly undertaken.'") & 3 ("Haft pled guilty to conspiring with the other defendants to take tax deductions to which they were not entitled."); Dkt. 580 at 1 (arguing Pierre's undisclosed income was not known to Haft); *see also* Dkt. 585 (advising the Government does not seek forfeiture because "[t]he defendant did not profit directly from the tax fraud, and charged his co-conspirators only his usual fees."). There is no indication the Court was not aware of these arguments when it issued the July 17 Order. *See* Order at 8-13 & 23-24 (reviewing the parties' arguments about the foreseeability to Haft of Pierre's undeclared income),

The July 28 Letter contains no new evidence or arguments, fails to identify any facts or law that the Court overlooked, demonstrates no clear error or manifest injustice. To the contrary, the Court's restitution analysis in the July 17 Order is careful, thorough, and correct. Accordingly, the defendant's request that the Court change its findings on restitution should be denied.

Respectfully submitted,

JAMES M. McDONALD
United States Attorney

by: _____
Michael D. Lockard / Qais Ghafary
Assistant United States Attorneys
(212) 637-2193 / -2534

cc: Defense counsel (by ECF)