UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>- v. -<br>ALBERT HAFT,<br>Defendant. | ORDER OF RESTITUTION<br>S1 22 Cr. 19 (PGG) |

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Michael D. Lockard, Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's conviction on Counts One and Two of the Information; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution**

ALBERT HAFT, the defendant, shall pay restitution in the total amount of $1,859,684 pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664 to the victim of the offense charged in Count Seven. The name, address, and specific amount owed to the victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

**A. Joint and Several Liability**

Restitution is joint and several with other defendants as follows: (i) the amount of $1,563,557 shall be joint and several with Bradley Pierre; (ii) the amount of $220,000 shall be joint and several with Jean Pierre; and (iii) the amount of $76,127 shall be joint and several with William Weiner. Each of these amounts is exclusive of each other.

**B. Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victim(s) identified in the Schedule of Victims, attached hereto as Schedule A, on a *pro rata* basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

**2. <u>Schedule of Payments</u>**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant will commence monthly installment payments of at least twenty percent of the defendant's gross income, payable on the fifteenth day of each month.

While serving any term of imprisonment imposed as part of sentencing, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP).

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted.

**3. <u>Payment Instructions</u>**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money

orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

4. **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victim(s), the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or

disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

Paul G. Gardephe

HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

August 7, 2026
DATE